United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY YOUNGBLOOD, TDCJ #01826516, | § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. H-20-742 |
| STATE CLASSIFICATION COMMITTEE, | | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Plaintiff Johnny Youngblood is a state prisoner in custody of the Texas Department of Criminal Justice ("TDCJ"). Youngblood alleges that unnamed members of the State Classification Committee subjected him to cruel and unusual punishment in connection with his transfer from Jester III Unit to Hightower Unit. Doc. No. 1. At the Court's request, Youngblood filed a More Definite Statement to clarify his claims. *See* Doc. No. 10. The Court has conducted the screening required under 28 U.S.C. § 1915A and concludes that this case should be dismissed for the reasons stated below.

**I.     BACKGROUND**

Youngblood alleges that on June 6, 2019, the State Classification Committee transferred him from Jester III Unit, a 24-hour medical facility with air conditioning, to Hightower Unit, a non-medical unit lacking air conditioning. Doc. No. 1 at 4. Youngblood alleges that this transfer conflicted with his medical requirements and placed his life in danger on four separate occasions until he was transferred to the Le Blanc Unit on September 4, 2019. Doc. No. 10 at 7. He contends that being placed on Hightower Unit constituted cruel and unusual punishment and caused him to waive his parole in order to get out of Hightower Unit with his life. *Id.*

In his More Definite Statement, Youngblood clarifies that he intended to sue two individuals: "the individual at the State Classification Committee who signed off on my transfer" and "their supervisor, the director of the Committee, for failing to review and stop the transfer." *Id.* He alleges that these Defendants were grossly negligent and acted with deliberate indifference in transferring him to the Hightower Unit. *Id.* In that regard, Youngblood states:

> The sole purpose of the State Classification Committee is to ensure that all offenders are housed in safe units that provide the proper care they require medically, physically, and psychologically. The person who approved my transfer failed to take any of those duties into consideration and sent me to a unit that was inappropriate for my situation in every respect, endangering my life, subjecting me to cruel and unusual punishment, and had they bothered to look at my medical records, the Hightower Unit would be the last place I should have been sent to. Obviously, they didn't bother to do that, and it should have been the first thing they did before deciding where to send me to. I intend to sue the State Classification Director because they failed to make sure their employee made the proper transfer for me, resulting in everything that took place. The entire committee is supposed to be involved in these transfers and makes the director as responsible as the person who signed off on the transfer in the event that it wasn't the director who signed off on it.

Doc. No. 10 at 3.

Youngblood alleges that his transfer to Hightower Unit constituted cruel and unusual punishment based on the layout of the unit itself, the lack of air conditioning, and the excessive heat. *Id.* at 4. He alleges that Hightower Unit is configured into several different buildings connected by uncovered walkways, which required him to travel 250-300 yards in his wheelchair to get to the dining hall, infirmary, and pill window. Since he was there from June to September, he alleges that it was excessively hot in the housing unit and on the uncovered walkways. He explains that he is a 68-year-old man in a wheelchair with serious medical conditions, including coronary artery disease and other circulatory diseases. He has also had a quadruple bypass and numerous surgeries on his leg, three stents, and plastic arterial appliances in is groin. He alleges that being at the Hightower Unit was torture for him, with heat indexes approaching 110-117

degrees when he was there.

Youngblood claims that he suffered four episodes with his heart during the three months he was at Hightower Unit. He alleges that he was able to address two of the episodes himself with nitroglycerin pills in his cell, but he had to get help from the medical department to resolve a third episode and was sent to a local hospital after Hightower staff called 911 on the last one in late August 2019. Doc. No. 10 at 10. He alleges that four days after his last episode, he was finally transferred to the LeBlanc Unit and has had no further problems since being transferred. *Id.* For relief, Youngblood seeks $100,000 in compensatory damages and $500,000 in punitive damages. Doc. No. 1 at 4.

## II. STANDARD OF REVIEW

Youngblood's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis.* 42 U.S.C. § 1997e(c); 28 U.S.C. §1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A claim is frivolous if it "lacks an arguable basis in law or fact." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly

baseless." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib,* 138 F.3d at 213).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se. Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## III. DISCUSSION

Youngblood initially named the State Classification Committee as the defendant, but he explains in his More Definite Statement that he is suing two people, the individual who signed off on his transfer and their supervisor on the State Classification Committee. Regarding the supervisor, Youngblood does not allege facts to show the supervisor's personal involvement in a deprivation of his civil rights. *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992) (holding that a plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant"). Further, he does not identify an unconstitutional policy or practice that the supervisor implemented that violated his constitutional rights. *See Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."). Youngblood's

allegations that the supervisor is responsible for the actions of his subordinate is not sufficient to show liability under section 1983. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (holding that a supervisor cannot be held liable for the actions of his subordinate under section 1983 "on any theory of vicarious liability"). Without facts to show the supervisor's personal involvement or the implementation of a constitutionally defective policy, Youngblood's claims fail against the supervisor.

Regarding the committee member who allegedly "signed off" on his transfer, Youngblood pleads no facts to show that the member, or anyone else at the State Classification Committee, acted with deliberate indifference to his serious medical needs. To state a claim for unconstitutional prison conditions, "a prisoner must show not only that the conditions were objectively 'so serious as to deprive prisoners of the minimal civilized measure of life's necessities,' . . . 'but also that the responsible prison officials acted with deliberate indifference to his conditions of confinement.'" *Alexander v. TDCJ, et al.*, 951 F.3d 236, 241 (5th Cir. 2020) (internal citations omitted). Deliberate indifference requires a showing that a prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that the official actually drew the inference and disregarded the risk. *Farmer v. Brennan*, 511 U.S. 285, 837 (1994). An official's "failure to alleviate a significant risk that he should have perceived, but did not" does not constitute Eighth Amendment deliberate indifference. *Id.* at 838.

Youngblood does not show that the member who approved his transfer knew of facts from which an inference could be drawn that transferring him to Hightower Unit would pose an excessive risk of serious harm to Youngblood. Further, there is no indication that the committee member actually drew an inference that the conditions at the Hightower Unit posed a substantial

risk to Youngblood and disregarded that risk. Youngblood alleges that the person who approved his transfer did not read his medical records and failed in their duties by sending him to an inappropriate unit. Doc. No. 10 at 3. Although this may indicate negligence, it does not rise to the level of deliberate indifference under the Eighth Amendment. *See Farmer*, 511 U.S. at 835 (explaining that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety'") (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Accordingly, Youngblood's claims against the defendants must be dismissed pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2)(B) for failure to state a claim for which relief may be granted under 42 U.S.C. § 1983.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff Youngblood's claims are **DISMISSED** with prejudice for failure to state a claim for which relief may be granted.

2. All pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this _____30th_____ day of March 2021.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE